Filed 2/14/22  P. v. Hundley CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C092618 |
| Plaintiff and Respondent, | (Super. Ct. No. 08F09808 ) |
| v. | |
| RICHARD ANTONIO HUNDLEY, | |
| Defendant and Appellant. | |

Defendant Richard Antonio Hundley appeals from a postjudgment order denying his petition for resentencing under Penal Code section 1170.95.[1]  He argues the trial court erred by declining to issue an order to show cause because the court looked beyond his declaration that he met the requirements of section 1170.95.  He further argues the trial

---

[1]  Undesignated statutory references are to the Penal Code.

1

court erred by determining he was ineligible for resentencing as a matter of law based on the jury's felony-murder special circumstance finding. We disagree and affirm.

BACKGROUND

A detailed recitation of the facts underlying defendant's conviction is not necessary to resolve his claim on appeal. In short, after meeting the victim, David Barreda, defendant and his codefendant, Curtis Chapman, discussed a plan to kill Barreda but decided to rob him instead. After the three had a confrontation, Chapman shot Barreda in the back of the head. Immediately before Chapman shot Barreda, defendant told him they were going to "take [his] shit," he acted to distract Barreda while Chapman shot him, and after Barreda was shot, as Chapman removed Barreda's gun, he told defendant the gun was now theirs. Defendant and his codefendant dragged Barreda from the kitchen to the garage, placed him in the trunk of his car, and drove the car to a nearby location. The next day, Barreda's body was discovered in the truck of his car. He died from a single gunshot to the back of his head. (*People v. Hundley* (Jun. 27, 2011, C063497 [nonpub. opn.] at pp. 4-6, 9-10-12, 14 (*Hundley*).)[2,]

A jury found defendant and codefendant guilty of first degree murder (§ 187, subd. (a)) and found true the special circumstance that the murder was committed while defendants were engaged in the commission of a robbery (§ 190.2, subd. (a)(17)(A)). (*Hundley, supra*, C063497 at p. 2.) The trial court sentenced defendant to life without the possibility of parole, and we affirmed his conviction on appeal. (*Ibid*.)

Defendant appealed his conviction, arguing, as relevant here, there was insufficient evidence supporting his first degree murder conviction because there was insufficient evidence he aided or abetted in the robbery or murder of Barreda. (*Hundley, supra*, C063497 at p. 13.) We found sufficient evidence supported the murder conviction

---

[2] A copy of our unpublished opinion in *Hundley* is included in the record on appeal.

2

and affirmed the convictions for first degree murder and the special circumstances finding. (*Id*. at pp. 15, 30-31.)

In January 2019, defendant petitioned the trial court under section 1170.95 for resentencing based on changes to the felony-murder rule under recently enacted Senate Bill No. 1437 (Senate Bill 1437). (Stats. 2018, ch. 1015, § 4, eff. Jan. 1, 2019.) Defendant declared in his petition that the prosecution proceeded "under a theory of felony murder or murder under the natural and probable consequences doctrine," he "was convicted of 1st or 2nd degree murder" and he "could not now be convicted of 1st or 2nd degree murder because of changes to Penal Code §§ 188 or 189, effective January 1, 2019." He further alleged he was not the actual killer, did not act with intent to kill or aid and abet the actual killer, was not a major participant and did not act with reckless indifference to human life in the commission of the felony. Defendant retained counsel.

The trial court ordered briefing on defendant's eligibility for relief and the validity of Senate Bill 1437. After considering the briefing, and reviewing the underlying file, the trial court denied defendant's petition finding the record established defendant was ineligible for resentencing given the jury's true finding on an alleged robbery-murder special circumstance under section 190.2. Citing CALCRIM No. 703, with which the jury was instructed, the trial court reasoned that in order to find the robbery-murder special circumstance true, the jury had to find defendant was the actual killer, had the intent to kill, or was a major participant who acted with reckless indifference to human life. The court also noted defendant had not obtained any order vacating his felony-murder special circumstance finding under *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*), and as such, the trial court would not assess the validity of that finding.

## DISCUSSION

Defendant contends the trial court prejudicially erred by making factual findings at the pleading stage of the section 1170.95 petition process. He further contends he made a

3

prima facie showing he was eligible for relief, that the trial court should have issued an order to show cause and held an evidentiary hearing, and that he need not challenge the sufficiency of the evidence supporting the special circumstance finding by habeas corpus.

After briefing was completed in this case, the Supreme Court issued its opinion in *People v. Lewis* (2021) 11 Cal.5th 952, 957-958 (*Lewis*), holding "that the statutory language and legislative intent of section 1170.95 make clear that petitioners are entitled to the appointment of counsel upon the filing of a facially sufficient petition (see § 1170.95, subds. (b), (c)) and that only *after* the appointment of counsel and the opportunity for briefing may the superior court consider the record of conviction to determine whether 'the petitioner makes a prima facie showing that he or she is entitled to relief.' (§ 1170.95, subd. (c).)" (*Id.* at p. 957.)

*Statutory Background*

Senate Bill 1437, effective January 1, 2019, revised the felony-murder rule in California "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) The bill amended the definition of malice in section 188, revised the definition of the degrees of murder to address felony-murder liability in section 189, and added section 1170.95, "which provides a procedure by which those convicted of murder can seek retroactive relief if the changes in the law would affect their previously sustained convictions." (*People v. Gutierrez-Salazar* (2019) 38 Cal.App.5th 411, 417, citing Stats. 2018, ch. 1015, §§ 2-4.)

Section 1170.95, subdivision (a) states that a person convicted of felony murder or murder under a natural and probable consequences theory may file a petition with the court for resentencing "when all of the following conditions apply:  [¶]  (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable

4

consequences doctrine. [¶] (2) The petitioner was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted of murder or attempted murder. [¶] (3) The petitioner could not be convicted of murder because of changes to Section 188 or 189 made effective January 1, 2019."

Subdivision (b) requires the petitioner to submit a declaration that avers eligibility for relief under the statute (based on the requirements of subdivision (a)) and includes case information, and whether petitioner requests appointment of counsel. (§ 1170.96, subd. (b).)

Subdivision (c), which dictates how the court must handle the petition. Under section 1170.95, subdivision (c), the court reviews the petition to determine if the petitioner has made a prima facie showing that the petitioner is entitled to relief. (*Lewis, supra*, 11 Cal.5th at pp. 957-958.) Once defendant has counsel and the court has received briefing from the parties, it may rely on the record of conviction in determining whether that single prima facie showing has been made. (*Id*. at p. 971.) The record of conviction includes a prior appellate court opinion, although such an opinion may not supply all necessary answers. (*Id*. at p. 972.) "If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause." (§ 1170.95, subd. (c).)

"While the trial court may look at the record of conviction after the appointment of counsel to determine whether a petitioner has made a prima facie case for section 1170.95 relief, the prima facie inquiry under subdivision (c) is limited." (*Lewis, supra*, 11 Cal.5th at p. 971.) "In reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Id*. at p. 972; *People v. Drayton* (2020) 47 Cal.App.5th 965, 980 (*Drayton*).)

5

"Like the analogous prima facie inquiry in habeas corpus proceedings, ' "the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved.  If so, the court must issue an order to show cause." ' " (*Lewis, supra*, 11 Cal.5th at p. 971; *Drayton, supra*, 47 Cal.App.5th at p. 978.)

*Analysis*

Although a court should not reject a petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing (*Lewis, supra*, 11 Cal.5th at p. 971), the court need not credit factual assertions that are untrue as a matter of law. (*Drayton, supra*, 47 Cal.App.5th at p. 980.)  Thus, " 'if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*Lewis*, at p. 971; *Drayton*, at p. 979.)

*Fact-Finding*

The jury was explicitly instructed on the special circumstances under section 190.2, subdivision (17)(A), that the murder was committed during a robbery.  The jury was instructed with CALCRIM No. 703, as follows:  "If you decide that a defendant is guilty of first degree murder but was not the actual killer, then, when you consider the special circumstance of murder in the course of robbery, you must also decide whether the defendant acted either with intent to kill or with reckless indifference to human life.

"In order to prove this special circumstance for a defendant who is not the actual killer but who is guilty of first degree murder as an aider and abettor, the People must prove either that the defendant intended to kill, or the People must prove all of the following:

"1.  The defendant's participation in the crime began before or during the killing.

"2.  The defendant was a major participant in the crime;

"AND

6

"3. When the defendant participated in the crime, he acted with reckless indifference to human life.

"A person *acts with reckless indifference to human life* when he or she knowingly engages in criminal activity that he or she knows involves a grave risk of death.

"The People do not have to prove that the actual killer acted with intent to kill or with reckless indifference to human life in order for the special circumstances of murder in the course of robbery to be true.

"If you decide that the defendant is guilty of first degree murder, but you cannot agree whether the defendant was the actual killer, then, in order to find this special circumstance true, you must find either that the defendant acted with intent to kill or you must find that the defendant acted with reckless indifference to human life and was a major participant in the crime.

"If the defendant was not the actual killer, then the People have the burden of proving beyond a reasonable doubt that he acted with either the intent to kill or with reckless indifference to human life and was a major participant in the crime for the special circumstance of murder in the course of robbery to be true. If the People have not met this burden, you must find this special circumstance has not been proved true."

The jury found the felony-murder special-circumstance allegation true; that is, the jury resolved the issue of whether defendant's conduct demonstrated reckless indifference to human life against defendant. The jury's true finding on this special circumstance tracks the requirements of first degree murder liability for a participant even after Senate Bill 1437's modifications because it found that, at a minimum, defendant was a major participant who acted with reckless indifference to human life. (§ 189, subd. (e)(3).) Other than a bare assertion, belied by the record, defendant asserted no facts in his petition or declaration which, if true, would show he was not a major participant or acted with reckless indifference. Accordingly, the trial court here did not engage in

7

improper factfinding when it relied on facts determined true by the jury as reflected in the record of conviction to determine defendant was ineligible for relief.

We note, defendant filed supplemental briefing contending, in relevant part, that Senate Bill No. 775 (2021-2022 Reg. Sess.) effective in January 2022, amends section 1170.95, subdivision (c) to require a hearing at the prima facie stage, which defendant did not receive here.[3] (§ 1170.95, subd. (c) ["After the parties have had an opportunity to submit briefings, the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief"].) However, even assuming defendant is entitled to the benefits of Senate Bill No. 775, the trial court's failure to hold a hearing was harmless under *People v. Watson* (1956) 46 Cal.2d 818. A hearing could not have altered the jury verdict, which is dispositive to defendant's petition. (See *Lewis, supra*, 11 Cal.5th at pp. 957-958 [deprivation of the defendant's right to counsel under section 1170.95 was state law error subject to *Watson* harmless error analysis].) Accordingly, section 1170.95, subdivision (c) as amended does not change our analysis.

*Banks/Clark*

Relatedly, defendant also contends the trial court's reliance on the jury's special circumstance finding, a finding made before *Banks, supra*, 61 Cal.4th 788 and *Clark, supra*, 63 Cal.4th 522, was in error as the findings have significantly different meanings now.

Since defendant's conviction, the Supreme Court has refined the analysis for who qualifies as a major participant acting with reckless indifference to human life in *Banks, supra*, 61 Cal.4th 788 and *Clark, supra*, 63 Cal.4th 522. In some cases, defendants convicted prior to *Banks* and *Clark* have subsequently had their special circumstances

---

[3] The supplemental brief also cites to *Lewis, supra*, 11 Cal.5th 952, which we have incorporated into our opinion.

findings reversed for insufficient evidence under the modified analysis. (See *In re Scoggins* (2020) 9 Cal.5th 667, 683.)

"The requirements for the felony-murder special circumstance did not change as a part of Senate Bill No. 1437, and are identical to the new requirements for felony murder following the enactment of Senate Bill No. 1437. In both instances, the defendant must have either actually killed the victim [citations]; acted with the intent to kill in aiding, abetting, counseling, commanding, inducing, soliciting, requesting, or assisting in the killing [citations]; or been a major participant in the underlying felony and acted with reckless indifference to human life [citations]. By finding a special circumstance allegation true, the jury makes precisely the same finding it must make in order to convict a defendant of felony murder under the new law. Because a defendant with a felony-murder special-circumstance could still be convicted of murder, he is ineligible as a matter of law to have his murder conviction vacated." (*People v. Galvan* (2020) 52 Cal.App.5th 1134, 1140-1141, review granted Oct. 14, 2020, S264284; see *People v. Jones* (2020) 56 Cal.App.5th 474, review granted Jan. 27, 2021, S265854; *People v. Gomez* (2020) 52 Cal.App.5th 1, review granted Oct. 14, 2020, S264033 (*Gomez*); *People v. Murillo* (2020) 54 Cal.App.5th 160, review granted Nov. 18, 2020, S264978; *People v. Allison* (2020) 55 Cal.App.5th 449.)

We recognize some appellate courts have come to contrary conclusions and the issue is currently pending in our Supreme Court. (See *People v. Torres* (2020) 46 Cal.App.5th 1168, review granted June 24, 2020, S262011; *People v. Law* (2020) 48 Cal.App.5th 811, review granted July 8, 2020, S262490; *People v. Smith* (2020) 49 Cal.App.5th 85, review granted July 22, 2020, S262835; *People v. York* (2020) 54 Cal.App.5th 250, review granted Nov. 18, 2020, S264954; *People v. Harris* (2021) 60 Cal.App.5th 939.) We, however, find the *Galvan* line of cases more persuasive.

If petitioner wishes to challenge the sufficiency of the evidence supporting the felony-murder special circumstance finding, his remedy is to pursue extraordinary relief

9

by way of habeas corpus. As our Supreme Court recently explained, *Banks* and *Clark* merely clarified the law. (*In re Scoggins, supra*, 9 Cal.5th at p. 674.) Where a decision does not announce a new rule of law but merely "clarifies the kind of conduct proscribed by a statute, a defendant whose conviction became final before that decision 'is entitled to post-conviction relief upon a showing that his [or her] conduct was not prohibited by the statute' as construed in the decision. [Citation.] 'In such circumstances, it is settled that finality for purposes of appeal is no bar to relief, and that habeas corpus or other appropriate extraordinary remedy will lie to rectify the error.' " (*Id*. at pp. 673-674.)

### *Habeas Corpus Relief*

There is also a split of authority on whether a defendant must first seek relief under *Banks/Clark* through a habeas petition before filing a section 1170.95 petition. (See *Gomez, supra*, 52 Cal.App.5th at p. 17, review granted [defendants seeking relief on the basis of *Banks/Clark* must do so through habeas corpus]; *People v. Galvan, supra*, 52 Cal.App.5th at pp. 1142-1143, review granted [same]; *People v. Allison, supra*, 55 Cal.App.5th at pp. 457-459 [same]; *People v. York, supra*, 54 Cal.App.5th at pp. 258, 260, review granted ["We part ways with *Galvan* and *Gomez* because we do not agree that section 1170.95 requires a defendant to challenge a pre-*Banks* and *Clark* special circumstance finding in a habeas corpus proceeding before he or she may successfully challenge the underlying murder conviction in a section 1170.95 proceeding"].) Like in *Gomez*, *Galvan*, and *Allison*, we conclude defendant must first set aside his robbery-murder special circumstance in a habeas proceeding. (*Gomez,* at p. 17; see *Galvan,* at pp. 1142-1143; *Allison,* at pp. 457-459.)

The purpose of section 1170.95 is to permit resentencing for individuals who could not now be convicted under sections 188 and 189 because of Senate Bill 1437. (Stats. 2018, ch. 1015 ["This bill would provide a means of vacating the conviction and resentencing a defendant" where "the defendant could not be charged with murder after the enactment of this bill"].) One of the three initial conditions for section 1170.95 to

apply is "[t]he petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a)(3).) Defendants who are potentially eligible for relief because of the modified special circumstances analysis do not satisfy this initial hurdle because they would have been able to seek relief via a habeas petition regardless of Senate Bill 1437. (See *In re Miller* (2017) 14 Cal.App.5th 960, 976-977, 980 [granting a habeas corpus petition before passage of Senate Bill 1437 after finding insufficient evidence supported special circumstance finding under *Banks* and *Clark*].)

Permitting a *Banks/Clark* challenge through a section 1170.95 petition would also unjustifiably shift the burden from the defendant under a substantial evidence review (as in a habeas petition challenging the sufficiency of the evidence) to the prosecutor under a beyond-a-reasonable-doubt standard (as in a § 1170.95 hearing). (See *Gomez, supra*, 52 Cal.App.5th at p. 17, review granted.)

In summary, the jury's robbery-murder special circumstance remains valid even after *Banks* and *Clark* because defendant has not first sought relief through a habeas corpus proceeding.

## DISPOSITION

The trial court's order denying defendant's section 1170.95 petition is affirmed.

_____\\s\\_____,
BLEASE, J.

We concur:

_____\\s\\_____,
RAYE, P. J.

_____\\s\\_____,
HULL, J.